IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Edward J. Bryant, )
)
    Plaintiff, )
) Civil Action No.: 2:07-340-SB-RSC
v. )
) **ORDER**
Michael W. Wynne, Secretary )
of the Air Force, )
)
    Defendant. )
_____ )



This matter is before the Court upon Plaintiff Edward J. Bryant's ("Bryant") *pro se* complaint, which alleges employment discrimination based on his race (African-American) and retaliation for filing equal employment opportunity claims, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17. The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court grant the Defendant's motion for summary judgment. On August 12, 2008, the Plaintiff filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's R&R within ten days after being served with a copy).

## BACKGROUND

The Plaintiff was employed at the Charleston Air Force base from 1971 until his retirement in 2006, last as a WG-10 Aircraft Engine Mechanic. Since 1993, the Plaintiff filed three or four equal employment opportunity ("EEO") claims against his employer ("the agency"), and he has filed four employment discrimination actions in this Court. See

Bryant v. Rice, Civil Action No. 2:89-cv-02745-FBH-RSC; Bryant, et al v. Peters, Civil Action No. 2:90-cv-02941-SB; Bryant, et al v. Peters, Civil Action No. 2:00-cv-01557-SB; and Bryant v. Roche, Civil Action No. 2:04-cv-01729-SB. In addition, the Plaintiff has assisted numerous other EEO claimants in various federal agencies over a 20-year period.

The facts giving rise to the Plaintiff's complaint center around the agency's failure to select the Plaintiff to fill a temporary supervisory position. According to the record, on March 28, 2005, the agency issued a vacancy announcement for a temporary position as Aircraft Engine Mechanic Supervisor, WS-8602-10, in the 437th Maintenance Squadron Propulsion Element (437 MXS/MXMP) at the Charleston Air Force Base. The Aircraft Engine Mechanic Supervisor was responsible for exercising technical and administrative supervision over the maintenance of C-17 jet engines at 437 MXS/MSMP. Apparently, the temporary position became available because its incumbent, George Babcheck ("Babcheck"), volunteered on short notice for an active duty Air Force tour, beginning in May of 2005. It was understood that after his active duty tour, Babcheck would return to the Aircraft Engine Mechanic Supervisor position and the selectee for the temporary position would return to his last position.

The Superintendent of the 437th Maintenance Squadron, 437 MXS, was Chief Master Sergeant Lawrence Strother, who also is African-American. Strother was responsible for supervising enlisted and civilian personnel assigned to seven flights, including the Propulsion Element, within 437 MXS. He also served as the selecting official for all civilian positions at 437 MXS, including the temporary Aircraft Engine Mechanic Supervisor position that is the subject of this lawsuit.

The Plaintiff was an Air Reserve Technician ("ART"), and as such, he held both a

civilian and a military position. As a civilian, the Plaintiff worked during the regular work week as an Aircraft Engine Mechanic, WG-10, in 437 MXS/MXMP, where he performed maintenance on C-17 jets. As a military reservist, the Plaintiff was a Master Sergeant in the 315th Maintenance Squadron, 315 MXS,[1] where he held a supervisory position during his monthly weekend tours and his two-week annual tour.

The temporary position was scheduled to last more than 120 days, so it was required to be advertised competitively. Strother contacted the Civilian Personnel Office ("CPO") on the base to order an online announcement for the position. While ordering the announcement, Strother told CPO that because the position was temporary, he wanted to advertise it internally within 437 MXS/MXMP. Strother's stated reason for the internal restriction was that it was opening on short notice and there would not be sufficient time to train the selectee of the responsibilities of the position. Additionally, 437 MXS was unable to pay for relocation expenses for external applicants. Strother understood that members of 315 MXS, like the Plaintiff, were eligible to apply for the position.

The Plaintiff saw the online posting and applied for the position. When the vacancy announcement closed, the CPO sent Strother a certificate with the names of eight eligible applicants. Along with the referral certificate, Strother received the referral briefs on all of the eligible applicants.



Strother does not recall receiving any information about the under-representation of minorities in the Aircraft Engine Mechanic Supervisor positions or any affirmative action

---

[1] The 315 MXS was the sister squadron to 437 MXS, and both squadrons performed maintenance on C-17 jets. Because the Plaintiff was an ART, his civilian position was assigned to 315 MXS, not 437 MXS.

provisions. CPO Specialist Sally Simmons stated that she was not required to notify Strother of whether the position was under-represented because it was a temporary position, and she did not give Strother any such notification.

Strother stated that he reviewed the referral certificate, the referral briefs, and the Core Personnel Document for the Aircraft Engine Mechanic Supervisor position, and although it was not required, he consulted with the flight chiefs supervising the temporary position about all of the applicants before making his selection. Those flight chiefs were Babcheck and Senior Master Sergeant Theron Florence ("Florence"). Both flight chiefs recommended William Rispoli, Jr. ("Rispoli") because he had performed very well as the 437 MXS Propulsion Flight Chief for two years shortly before the temporary position opened. Thereafter, Strother selected Rispoli, a Caucasian.[2]

In his complaint, the Plaintiff alleges that he was more qualified than Rispoli and asserts that the agency discriminated against him based on his race and retaliated against him for filing previous EEO actions when the agency hired Rispoli instead of him. According to the Plaintiff, he was more qualified for the position due to: his supervisory experience in the Air Force; his possession of a "nine" skill level; his experience representing people filing EEO claims; his seniority; his greater experience with C-17 maintenance; his college degrees; and his civilian performance ratings. Of these factors, the only things that Strother considered as relevant criteria were the Plaintiff's supervisory experience in the Air Force Reserves and his experience with C-17 maintenance.

---

[2] Rispoli had retired from the Air Force some time in November of 2004 but had been rehired as a civilian on November 29, 2004. Rispoli was rehired as an Aircraft Engine Mechanic, a position which is classified as a career conditional appointment.

Moreover, because all of the applicants had experience with C-17 maintenance, the focus was on the applicants' supervisory experience. In this suit, the Plaintiff asserts that other criteria should have been used in the decision-making process.

According to Strother, he chose Rispoli after considering the requirements of the Core Personnel Document, the applicants' referral briefs, the recommendations of Babcheck and Florence, and his personal knowledge of the applicants' work histories and experiences.[3] Strother's given reason for choosing Rispoli was that he was the most qualified applicant because he had the most experience as a supervisor of C-17 jet engine mechanics,[4] enabling him to step into the Aircraft Engine Mechanic Supervisor position with little or no guidance or training. Strother maintains under oath that he did not consider race or prior EEO activity in making his decision.

When Strother personally supervised Rispoli for a year and a half, he rated Rispoli's performance with the highest rating possible on all of the measures of performance. Also, Strother received feedback from Babcheck and Florence that Rispoli had performed effectively as Propulsion Flight Chief. Strother did not have positive information about the quality of the Plaintiff's supervisory experience, but he knew that the Plaintiff had been in the civil service for thirty years without progressing to a civil service supervisory position

---

[3] Strother had known the Plaintiff for over ten years at the base; he was on the Plaintiff's fourth supervisory level in 2005. Strother had known Rispoli for approximately five years at the base; he was Rispoli's first-level supervisor for a year and a half around 2001, and he was Rispoli's second-level supervisor from May 2004 until November 2004.

[4] The Plaintiff served as a supervisor for two days per month over 120 months and for 15 days per year over 10 years, for an approximate total of 390 days of supervisory experience. The Plaintiff's personnel brief indicated that he had held no supervisory duties in any civilian positions from 1993 to 2005. On the other hand, Rispoli had approximately 60 months, or 1800 days, of total supervisory experience in full-time active duty positions.

even though he had the required education. Strother thought that the Plaintiff's supervisory experience in the Air Force was marginal because of its sporadic nature.[5] He also thought that the Plaintiff could not take over the position without significant training and guidance.

The Plaintiff was not provided with written notice that he had not been selected for the temporary position, and the Plaintiff stated that he did not seek any explanation of why he was not selected because he had not received any written notice. The Plaintiff believes that he did not receive written notice because of illegal discrimination.

The Plaintiff unsuccessfully pursued his discrimination claims through the entire administrative process, at the conclusion of which he timely brought the present action.

## STANDARD OF REVIEW

### I. The Legal Standard for Summary Judgment

To grant the Defendant's motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier

---

[5] Strother knew that the Plaintiff had supervisory duties for one weekend per month, but he did not know that the Plaintiff supervised during his two-week annual tour because the regular supervisors at 437 MXS/MXMP, the Propulsion Flight Chief, or Aerospace Propulsion Foreman, were on duty during the Plaintiff's tours. Strother considered the Plaintiff's supervisory experience to be marginal because the Plaintiff did not supervise a fully-manned shop during his weekend tours. During the weekend, C-17 maintenance operations were scaled down, supply personnel were not on duty, and squadron meetings were rarely held. According to Strother, the Plaintiff's lack of experience interacting as a supervisor with a fully-manned shop, contractors, supply personnel, and squadron leadership meant that the Plaintiff's experience was incomplete.

of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Ci. 1990)). Summary judgment is not "a disfavored procedural shortcut" but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## II.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Because the present case does not involve direct evidence of discrimination, it is subject to the now-familiar burden-shifting scheme set forth in McDonnell Douglas Corp.

v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas burden-shifting scheme, the plaintiff first must establish a prima facie case of discrimination. 411 U.S. at 802. To state a prima facie case of discrimination in the context of failure to promote, the Plaintiff must demonstrate that: (1) he is a member of a protected class; (2) his employer held an open position for which he applied or sought to apply; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Evans v. Techs. Application & Serv. Co., 80 F.3d 954, 959-60 (4th Cir. 1996). Likewise, to state a prima facie case of retaliation, the Plaintiff must show that: (1) he engaged in a protected activity such as filing an EEOC complaint; (2) he was subject to an adverse employment action; and (3) there was a causal link between the two. See Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007).

If the Plaintiff succeeds in establishing a prima facie case, then the burden shifts to the Defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). If the Defendant does so, the ultimate burden falls on the Plaintiff to establish "that the legitimate reasons offered by the defendant were not its reasons, but were a pretext for discrimination." Id. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" Id. (quoting Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981)).

In the R&R, the Magistrate Judge concluded that the Defendant's motion for summary judgment should be granted, finding that the Plaintiff failed to establish that the Defendant's legitimate, non-discriminatory reasons for hiring Rispoli were but a pretext for

discrimination. In so concluding, the Magistrate Judge addressed each of the Plaintiff's arguments seriatim.

First, the Magistrate Judge addressed the Plaintiff's argument that certain alleged conversations proved that Rispoli was "preselected" for the temporary position. As the Magistrate Judge noted, the parties who actually participated in these conversations do not support the Plaintiff's assertion, and the Plaintiff even admitted that this information came from "the general rumor mill." After a review of the record, the Court agrees with the Magistrate Judge that the Plaintiff's argument is meritless and does not prove pretext. See also Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 271 (4th Cir. 2005) ("The argument that a supervisor may have preselected an employee for a promotion 'is not sufficient evidence for jurors reasonably to conclude' that the defendant's explanation for hiring [ ] was pretext.") (quoting Mackey v. Shalala, 360 F.3d 463, 468-69 (4th Cir. 2004)).

Next, the Magistrate Judge addressed the Plaintiff's argument that Strother failed to use any selection criteria in hiring Rispoli and/or failed to use selection criteria that would have favored him over Rispoli. According to Strother, he considered the applicants' experience in supervising C-17 mechanics and whether the applicants could enter the position without training. As the Magistrate Judge noted, these criteria relate to the applicants' knowledge, skills, and abilities listed in the position's Core Personnel Document and are reasonable given the short notice of the position. Moreover, the Plaintiff has not shown how Strother's failure to consider the other criteria suggested by him demonstrates a racially discriminatory motive.

Third, the Magistrate Judge rejected the Plaintiff's list of alleged procedural errors

showing pretext, finding them to be unsupported by the record and insufficient to show that illegal discrimination was the motive for Strother's hiring decision. The Magistrate Judge also rejected the Plaintiff's attempt to show pretext by relying on an alleged pattern of discrimination. Specifically, the Magistrate Judge pointed out that the Plaintiff offered no facts to support his claim that management had a history of not hiring minorities. In addition, the Plaintiff did not explain how his conclusory allegations were connected to the hiring decision at issue in this case.

Lastly, with respect to the Plaintiff's general assertion that he was superior to Rispoli in every aspect, the Magistrate Judge pointed out that it was the Defendant, not the Plaintiff, who chose the selection criteria, and it was the perception of the Defendant, not the Plaintiff, that guided the selection process.

In the Plaintiff's written objections to the R&R, he first asserts that the Defendant's motion for summary judgment was filed a day late and is therefore time-barred. The Court rejects this argument as wholly without merit.

Next, the Plaintiff goes on at length[6] about the Magistrate Judge's statement that another Title VII action was pending when Rispoli was selected for the position for which the Plaintiff had applied. (See R&R at 4.) Although the Plaintiff asserts that this statement is false, a review of the Court's docket indicates that Bryant v. Roche, Civil Action No. 2:04-cv-1729, was pending from June 1, 2004, until at least November 8, 2005. Because the selection of Rispoli occurred at some point in the spring of 2005, it appears that the

---

[6] Indeed, the Plaintiff's written objections are both lengthy and largely incomprehensible; however, because the Plaintiff proceeds *pro se*, his pleadings are accorded liberal construction.

Magistrate Judge's statement was correct. Therefore, the Court finds the Plaintiff's objection meritless.[7] In any event, the Court finds this particular point irrelevant as it does not affect the outcome of this case.

In the final portion of his objections, titled "the correct facts," the Plaintiff merely rehashes the arguments raised in his complaint and in his response to the Defendant's motion for summary judgment.[8] For example, he asserts that his previous EEO complaints demonstrate a pattern of discriminatory conduct; he claims that he had far greater experience than Rispoli and was more qualified for the position than Rispoli; and he claims that Rispoli should not have been considered for the position because he was a "probationary" employee and was not eligible for the promotion.

First, the Court rejects the Plaintiff's argument that his previous complaints demonstrate a pattern of discriminatory conduct, for the same reasons set forth by the Magistrate Judge in the R&R. Next, with respect to the Plaintiff's argument that he was more qualified than Rispoli, the Court notes that the Plaintiff may not choose the criteria

---

[7] At another point in his objections, the Plaintiff states that there was no pending lawsuit at the time the present case was filed. Apparently, the Plaintiff misunderstood the Magistrate Judge's statement; the Magistrate Judge did not assert that another case was pending at the time this case was filed. Instead, the Magistrate Judge stated that another case was pending at the time Rispoli was selected for the temporary position.

[8] In Dreher v. South Carolina, 2007 WL 691387, *6 (D.S.C. March 2, 2007) (slip copy), United States District Judge Patrick Michael Duffy cited Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992), where the Court stated: "It is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."

Here, although the Plaintiff raises few specific objections to the R&R and instead rehashes arguments previously submitted to the Magistrate Judge, the Court, in the interest of fairness, will briefly address the Plaintiff's arguments.

on which he wishes to compete with Rispoli; rather those areas are for the agency's choosing. Here, both the Plaintiff and Rispoli were qualified for the position, but the agency determined that Rispoli was more qualified based on his supervisory experience and his ability to take over the position without any need for training. Unfortunately for the Plaintiff, he simply cannot establish pretext by relying on the criteria of his choosing. See Anderson, 406 F.3d at 270 (noting that the plaintiff cannot establish pretext by relying on criteria of her choosing when the employer based his decision on other grounds). Lastly, the Court finds that the record does not support the Plaintiff's assertion that Rispoli was not eligible for the promotion. Although the Plaintiff asserts that Rispoli held a "formal trainee or apprentice-type position" (and was thus excluded from competitive procedures), the human resources specialist at the base rejected the Plaintiff's assertion. Also, according to the deposition of human resources specialist Lynn H. Clark, an employee in his first year of appointment and serving under an initial appointment probationary period is not restricted in eligibility for the temporary position. (Def.'s Mot. for Summ. Judg., Ex. 10 at 171, ll. 22-25.) Moreover, nothing in the Air Force Merit Promotion Program indicates that Rispoli was ineligible for the temporary position. (Def.'s Mot. for Summ. Judg., Ex. 2.)

On pages 17 through 19 of the Plaintiff's objections, he objects to specific statements and paragraphs of the R&R.[9] The Court has reviewed these objections and finds that they are not supported by the record on the whole and they do not affect the outcome of this case. Ultimately, although the Plaintiff may have stated a prima facie claim

---

[9] For example, the Plaintiff objects to paragraph 2 of page 7 of the R&R, where the Magistrate Judge outlines the testimony of CPO Sally Strothers, asserting that such testimony is "false" and "clearly erroneous lies." (Obj. at 18.) This is not a proper objection.

of discrimination and retaliation, the Court finds the Plaintiff's conclusory assertions of discrimination insufficient to counter substantial evidence of the Defendant's legitimate, nondiscriminatory reasons for selecting Rispoli for the position. See Jiminez v. Mary Washington College, 57 F.3d 369, 383 (4th Cir. 1995) ("The crucial issue in a Title VII action is an unlawfully discriminatory motive for a defendant's conduct, not the wisdom or folly of its judgment."). Therefore, the Court overrules the Plaintiff's written objections.[10]

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted; the Plaintiff's objections are overruled; and the Defendant's motion for summary judgment is granted.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 24, 2008
Charleston, South Carolina

---

[10] The Plaintiff attached several exhibits to his written objections, including the undated affidavit of Master Sergeant McVeigh L. Heaster, wherein Heaster asserts that Rispoli was preselected for the position and that the Plaintiff was subjected to a hostile work environment. Although Heaster claims that Rispoli was preselected for the position, the record indicates that this assertion is supported only by "the general rumor mill," and more importantly, the Court finds it inadequate to create a genuine issue of material fact as to whether the Defendant's stated reasons for hiring Rispoli over the Plaintiff were but a pretext for illegal discrimination. See Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 271 (4th Cir. 2005) ("The argument that a supervisor may have preselected an employee for a promotion 'is not sufficient evidence for jurors reasonably to conclude' that the defendant's explanation for hiring [ ] was pretext.") (quoting Mackey v. Shalala, 360 F.3d 463, 468-69 (4th Cir. 2004)).